## Supplee Estate

*Maxwell Strawbridge, Franklin C. Hutchinson* and *Harry M. Sablosky,* for petitioner.

*Fox & Honeyman,* for respondent.

HOLLAND, P. J., July 20, 1950.—Decedent died testate April 9, 1948, leaving to survive her a daughter, Jean Supplee, to whom she gave her entire estate by her will, and a husband, Frank A. Supplee. No executor having been named in the will, letters c. t. a. were granted the daughter, Jean Supplee. Frank A. Supplee, having been declared a weak-minded person by decree of the court of common pleas of this county, and that court having decreed permission of his guardian to elect to take against the will, the guardian perfected the election to take against the will. The latter decree was without prejudice to the right of an interested party to contest his right to share in the estate. The orphans' court would retain jurisdiction to decide this issue even in the absence of such a proviso.

Jean Supplee, as administratix c. t. a., and as the sole beneficiary under the will, filed this petition to have the election revoked and vacated on the ground that the husband of decedent had failed to support her for a number of years before her death, wherefore he had forfeited all right to participate in the estate. Norristown-Penn Trust Company, the guardian of the hus-

band's estate, filed an answer. A hearing on the petition and answer was had on February 27, 1950.

Aside from the facts decisive of the issue before the court, the petition correctly sets out the history and facts of the case. The question is as to whether Frank A. Supplee, the husband of the decedent, forfeited his right to take against her will by having wilfully neglected to support her prior to her death. He was committed to Norristown State Hospital, August 7, 1935, where he has been confined as an insane patient ever since. Since that date, he cannot be charged, as a matter of law, with failing to support his wife, because his failure was due to his illness and not to any wilful act on his part. The occasion of his commitment was manifestation of an inclination to do violence to others.

The evidence showed that, although there were signs of eccentricity before his symptoms became violent, for a long time previous to his becoming mentally irresponsible, he made no substantial contribution to the support of his wife, and, although urged to do so, refused to maintain a steady, gainful occupation, and made no effort to do so. True it was that he did small chores around the house and helped his wife sporadically in the small business that she conducted. However, his wife, his daughter, and even he himself were maintained by the labor of his wife and daughter. This condition obtained at least for five years before his commitment on August 7, 1935, and even for sometime previous thereto.

Under these circumstances, I am bound to find that he has long since forfeited all his right to participate in his wife's estate and the election of his guardian on his behalf to take against her will must be revoked and vacated.

The real estate located in Upper Merion Township, this county, described in deed recorded in the office of the Recorder of Deeds of Montgomery County in deed

book no. 1692, page 592, was held in equal undivided one-half shares by decedent and her daughter, Jean Supplee. Decedent's one-half share was given by her will to her daughter, Jean Supplee, so that she now is the owner of the property, the husband having no interest therein by the revocation and vacation of his election, as aforesaid.

I declare, therefore, that Jean Supplee is the sole owner of this property.

And now, July 20, 1950, the election of Norristown-Penn Trust Company, guardian of the estate of Frank A. Supplee, weak-minded person, on his behalf, to take against the will of his deceased wife, Sidney A. Supplee, be and the same is hereby revoked and vacated; costs of this proceeding to be paid out of the estate.